UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOHN ARENA )<br>) | Information No. CR 123-016 |

## PLEA AGREEMENT

Defendant John Arena, represented by Defendant's counsel David Stewart, and the United States of America, represented by Assistant United States Attorneys Patricia G. Rhodes and Henry W. Syms, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Information, which charges a violation of 16 U.S.C. § 470ee(a) and 18 U.S.C. § 2.

2. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One are (1) that the defendant knowingly aided and abetted individuals who knowingly excavated, removed, damaged, or otherwise altered or defaced an archeological resource; (2) that the archeological resource was locate on public property, and (3) there was not an appropriate permit or permission for excavation, removal, damage, alteration or defacement.

Defendant agrees that he is, in fact, guilty of this offense. Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: Between in or about February 2018 and August 2018, in the Southern District of Georgia and the District of South Carolina, the defendant, JOHN ARENA, aided and abetted T.W. and L.R. to knowingly excavate, remove, damage, or otherwise alter or deface an archeological resource located on public property, without the appropriate permit and permission. All in violation of 16 U.S.C. § 470ee(a) and 18 U.S.C. § 2.

3.   Possible Sentence

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence: 1 year imprisonment, 1 year supervised release, and a $10,000 fine. The Court additionally must impose a $25 special assessment on the count of conviction.

4.   Agreed Sentence and Waiver of Pre-Sentence Investigation Report

The Government and the Defendant agree that the appropriate sentence in this case is one year of probation, a $7,500 fine, and a $25 special assessment. Consequently, this plea agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

The Court may accept or reject the plea agreement. If the Court accepts the plea agreement, the Court must sentence Defendant in accordance with the disposition provided for in this plea agreement. If the Court rejects this plea agreement, the Court must allow Defendant the opportunity to withdraw the

Defendant's plea and must advise the Defendant that if the Defendant persists in a guilty plea the disposition of the case may be less favorable to Defendant than is contemplated by this plea agreement.

In light of the agreed-upon sentence above, provided the agreement is accepted by the Court, the parties waive the preparation of a pre-sentence investigation report and consent to the Court imposing the agreed-upon sentence at the same hearing at which Defendant pleads guilty.

5. <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by

the Defendant during the Defendant's cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

    b.    <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

7.    <u>Cooperation</u>

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Defendant's Information and any related offenses. Defendant shall fully and truthfully disclose Defendant's knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Defendant's benefits under this agreement are conditioned only on Defendant's cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

8.    <u>Abandonment of Property</u>

Defendant waives and abandons Defendant's interest in the items seized from 809 Shackleford Place, Evans, Georgia on August 6, 2018, by the Georgia Department

of Natural Resources, which are identified in property receipts numbered 1- 49, and 51-54 of the Department of Natural Resources. Copies of the property receipts have been provided to the defendant.

9. Financial Obligations and Agreements

    a. Fine

Defendant agrees to pay a fine in the amount of $7,500.00.

    b. Special Assessment

Defendant agrees to pay a special assessment in the amount of $25.00 payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

    c. Required Financial Disclosures

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    d. Financial Examination

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

e.  No Transfer of Assets

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

f.  Material Change in Circumstances

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

g.  Enforcement

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal

payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

10. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

   Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

   Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

   c. <u>FOIA and Privacy Act Waiver</u>

   Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United

7

States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

11. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

13. Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition,

the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

JILL E. STEINBERG
UNITED STATES ATTORNEY

2/24/23
Date

_____
Patricia G. Rhodes
Chief, Criminal Division

3/3/23
Date

_____
Henry Wayne Syms
Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

2-16-23
Date

John Arena
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

2/16/23
Date

David Stewart
Defendant's Attorney